BEULAH MILLIGAN BAUCOM v. JAMES DUDLEY BAUCOM, JR.

(Filed 24 May, 1967.)

**Divorce and Alimony § 23—**

Whether the husband should be required to continue to make payments for support of his employed son and, if so, the amount thereof, must be influenced by whether the son's employment is merely for a few weeks during school vacation or whether the employment is regular and the son is supporting himself, and the court should find the facts and then enter an appropriate order thereon.

APPEAL by defendant from *McKinnon, J.,* September 12, 1966 Civil Session, DURHAM Superior Court.

The plaintiff, Beulah Milligan Baucom, instituted this civil action against her husband, James Dudley Baucom, Jr., for alimony without divorce. She alleged the parties were married on January 10, 1942; they separated on September 15, 1964 because of frequent and brutal assaults, as a result of which she was forced to leave home. She asked for temporary and permanent alimony, custody of the two minor children and for counsel fees.

The defendant, by answer, admitted the marriage and separation but denied all allegations of mistreatment. As a further defense, he alleged the separation resulted because of the plaintiff's infidelity. Judge Latham, by order dated April 13, 1964, required the defendant to pay into court for the support of the two children the sum of $20 per week and to pay $150 to plaintiff's counsel. Judge Latham required the defendant to surrender the home and furnishings and the Ford automobile to the plaintiff. The order required the defendant to pay installments due on the home and to pay insurance and taxes thereon. On December 8, 1964 Judge May increased the allowance for the benefit of the children to $35 per week and ordered the defendant to pay $150 counsel fees for that hearing. On September 14, 1965 the jury found the defendant was not guilty of misconduct and that the separation was not his fault. Apparently following this finding, a decree of divorce was entered on defendant's application, based on allegations constituting a cross action in his further answer. Judge Hobgood, on June 23, 1966, denied the plaintiff's motion that the defendant be held in contempt for failure to make the required payments, but found the defendant had failed to pay counsel fees as required and increased the allowance to the children to $35 per week. After service of another contempt citation, the defendant conveyed to the plaintiff all his interest in the home, paid up all installments due, including attorney's fees. Judge McKinnon, on October 4, 1966, found that Michael Tyson Baucom, son of the parties, then age 17, was employed and had a gross in-

come of $46.38 and a net income of $39.05 per week. Nevertheless, Judge McKinnon ordered the defendant to pay $43 per week for the support of the two children. The defendant excepted to the order and appealed.

*Weatherspoon and Pulley by W. Paul Pulley, Jr., for defendant appellant.*

*Bryant, Lipton, Bryant & Battle by Victor S. Bryant, Jr., for plaintiff appellee.*

PER CURIAM. It seems all matters in controversy have been settled except the question whether the defendant should be required to contribute to the support of Michael Tyson Baucom. Judge McKinnon found he is 17 years old and employed at the income above disclosed. The record does not show whether the employment is regular or for a few weeks during school vacation. If the employment is regular and the boy is supporting himself, the Court, on defendant's motion, may make any appropriate change in the order.

Affirmed.